# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| **Autoscribe Corporation,** | § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. 2:23-cv-00364-JRG |
| **Fortis Payment Systems, LLC,** | § § | Jury Trial Demanded |
| Defendant. | § § § | |

### DECLARATION OF ASHLEY USHER IN SUPPORT OF DEFENDANT FORTIS PAYMENT SYSTEMS, LLC'S OPPOSED MOTION TO TRANSFER TO THE EASTERN DISTRICT OF MICHIGAN

I, Ashley Usher, declare as follows:

1. I am over the age of 21 and of sound mind and am competent to make this Declaration. I have personal knowledge of the statements contained in this Declaration, which are true and correct.

2. I am submitting this declaration in support of Defendant Fortis Payment Systems, LLC's ("Fortis") Opposed Motion to Transfer to the Eastern District of Michigan ("Motion"). I submit this declaration based upon my personal knowledge of Fortis' operations and investigation in connection with Fortis' Motion. If called upon to testify, I could and would testify competently to these facts and that the Eastern District of Michigan would be a substantially less burdensome forum for Fortis and its employees to participate in this case.

3. I am Fortis' Chief Operating Officer and have been a Fortis employee since July 2021. I have knowledge about Fortis' operations across the United States, including the locations of its offices, employees, and their various roles.

# EXHIBIT A

4. I am informed and understand that the plaintiff, Autoscribe Corporation ("Autoscribe"), is accusing Fortis of infringing U.S. Patent No. 11,620,621 ("Asserted Patent").

5. I am informed and understand that Autoscribe generally alleges certain functions of Fortis' "Elements" payment processing product, which assists in processing payments between a payer and payee, purportedly infringes the Asserted Patent.

6. Fortis is a Delaware corporation with its principal place of business in Novi, Michigan. Nearly all of Fortis' corporate and technical activities take place at its headquarters in Novi.

7. Novi is the primary site for approximately 31 Fortis employees and Fortis' engineering, development, product design functions, and marketing operations. Novi is where Fortis' technical development team that oversaw the engineering, development, and design of the accused Elements platform is located. Any ongoing development and design activities related to the Elements platform occur in Novi.

8. Fortis' proprietary source code related to the Elements payment platform was developed in Novi by employees with the requisite security clearance. Fortis' Vice President of Architecture and Development Operations, Jeff Jarchow, and Fortis' Senior Vice President of Product and Innovation (who is also Fortis' former Chief Technology Officer), Kevin Shamoun, have relevant information concerning the technical development of the Elements platform. These potential witnesses are part of Fortis' Information Technology department, which was responsible for developing the Elements system, and both reside in Novi. The only anticipated potential third-party witnesses associated with the accused Elements system would be former Fortis employees who assisted in the design and development of the software features. Any such former employees would have worked and reside in or near Novi.

9. Fortis' key marketing authority, co-founder and Executive Vice President Timothy Nafso, also resides in Novi. The remainder of Fortis' marketing team works remotely, and no such employee resides in the Eastern District of Texas. Fortis' sales operations are primarily based in Vero Beach, Florida, but Fortis' executive with relevant knowledge of sales for the accused product, Chief Revenue Officer, Ron Dichter, regularly travels from Vero Beach to Novi for Fortis business. Mr. Dichter does not routinely travel to Texas for business.

10. The "internal sales team" Autoscribe references in paragraph 5 of its Complaint does not interact with anyone in Fortis' Plano office; rather, the team, which consists of 25 employees, is entirely based in either Vero Beach, Florida or in California. These employees report to a Vero Beach-based manager and, eventually, to Mr. Dichter. Fortis' Vero Beach office also includes tech support and premier support teams, which handle all customers inquiries relating to the Elements system. All Fortis employees involved in customer service for the Elements system reside in and work in Florida.

11. Fortis' only tie to the Eastern District of Texas is its office located in Plano, which Fortis opened in January 2022 after acquiring EpicPay International, LLC. Fortis does not maintain an office in Marshall. Fortis' Plano office is one of Fortis' smaller offices. The Plano office employees work in the Risk, Customer Support, and Development departments—none of which interact with the Elements platform.

12. No one in Fortis' Plano office—including the employees working in product development—has been, is, or will be involved with any aspect of the accused application, the Elements platform. Fortis' Plano office employees also do not and will not have the necessary credentials to access the source code, or cause to access documents, pertaining to Fortis' sales or marketing activities. None of the accused features of the Elements system were developed in

Plano, Plano office employees do not sell the Elements system, the Plano office does not resolve customer inquiries regarding the Elements system, and none of Fortis' executives reside in Texas. No one from Fortis' Plano office is a custodian for documents or information pertaining to source code, design or development, finance, or marketing of the Elements system.

13. Autoscribe alleges in paragraph 5 of its Complaint that Fortis "is also advertising several jobs for this location (Plano)"; however, Fortis is advertising the referenced job postings to be filled in either its Plano office, Vero Beach office, or remotely, and Fortis has not yet hired anyone for these positions. These job postings are not required to be filled in Fortis' Plano office.

14. If this litigation were to proceed in the Eastern District of Texas, it would be much more burdensome on Fortis employees than if it were to proceed in the Eastern District of Michigan. The key witnesses described above would need to extend their time away from work to travel to Texas. Fortis' costs associated with the witnesses' travel and lodging would also be much higher if the litigation were to proceed in Texas than if it were to proceed near the witnesses' work and residences in the Eastern District of Michigan. In contrast, the burden of attending a trial in the Eastern District of Michigan is lessened because most of Fortis' potential witnesses are located there.

I declare under penalty of perjury under the law of the United States that the foregoing is true and correct. Executed on November 28, 2023 in Atlanta, Georgia.

_____
Ashley Usher